UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                                              )
                                                    )
Donald and Barbara Simpson,          )          Chapter 7
                                                    )          Case No. 13-10903
                    Debtors              )

**ORDER**

Debtor Donald Simpson owns a 2006 Ford Explorer which he values at $7,675.00. He claims it as exempt pursuant to 14 Me. Rev. Stat. Ann. §4422(2), (5) and (15). The Chapter 7 trustee objects to the claim of exemption of the vehicle under §4422(5), the tools of the trade exemption, on the basis that the vehicle is owned solely by Mr. Simpson and used by Mrs. Simpson as a taxicab.[1] The parties agree that Mr. Simpson is entitled to a $5,000 vehicle exemption under §4422(2). This order contains my findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

As the objecting party, it is the trustee's burden to prove the debtors are not entitled to their claimed exemptions. See In re McNeilly, 249 B.R. 576, 579 (1st Cir. BAP 2000). In his papers, the trustee did not object to stacking exemptions, i.e. using three different exemption provisions with respect to one article of property. The issue was raised by the court at oral argument, but the trustee did not press that objection, and it is deemed waived. See Green v. New Balance Athletic Shoe, Inc., 182 F. Supp. 2d 128, 140 (D. Me. 2002). The trustee also did not specifically object, either in his papers or at oral argument, to the claimed $200 "other property" exemption under §4422(15).

---

[1] No evidence was presented as to any particular enhancements to the vehicle to make it appear or function differently than any other vehicle.

An individual debtor may exempt property from the bankruptcy estate under applicable federal or state law unless state law "specifically does not so authorize." See 11 U.S.C. § 522 (b)(1) and (2).  Maine is an opt-out state and state exemptions are mandatory in this case.  See 14 Me. Rev. Stat. Ann. §4426.

Maine's tool of the trade exemption permits a debtor to exempt:

> The debtor's aggregate interest, not to exceed $5,000 in value, in any implements, professional books or tools of the trade of the debtor or the trade of a dependent of the debtor, including, but not limited to, power tools, materials and stock designed and procured by the debtor and necessary for carrying on the debtor's trade or business and intended to be used or wrought in that trade or business.

14 Me. Rev. Stat. Ann. § 4422(5).  This court has interpreted the exemption to apply to a motor vehicle "if it is necessary to, and used by the debtor to carry on his trade." In re Langley, 21 B.R. 772, 773 (Bankr. D. Me. 1982).  In that case, the court did not allow a vehicle as a tool of the trade because the debtor used it only to commute from his home to his place of work.  Id. at 774.  Other courts, based on similar state law exemptions, have allowed vehicles to be claimed exempt as tools of the trade.  See Havas Leasing Co. v. Breen (In re Breen); 123 B.R. 357, 360-1 (9th Cir. BAP 1991)(carpenter using pickup truck to carry tools); Nazarene Fed. Credit Union v. McNutt (In re McNutt), 87 B.R. 84, 87 (9th Cir. BAP 1988)(truck used by debtor to carry drywall and tools); In re Sackett, 294 B.R. 544, 550 (Bankr. D. Co. 2008)(debtor, a nurse, was required to travel to numerous locations throughout Colorado to coordinate treatment plans for patients); In re Giles, 340 B.R. 543, 550-1 (Bankr. E.D. Pa. 2006)(debtor, a milliner, used vehicle to transport hats to festivals and other vending events); In re Graettinger, 95 B.R. 632, 635 (Bankr. N. D. Io. 1998)(pickup truck used to sell and deliver grain bins); Creditthrift of America, Inc. v. Dubrock (In re Dubrock), 5 B.R. 353, 355 (Bankr. W.D. Ky. 1980)(real estate broker used vehicle to transport himself and clients to properties).

The Maine statute permits an exemption for a tool of the trade "of the debtor or the trade of a dependent of the debtor". Here, the parties agree that Mrs. Simpson uses the vehicle as a taxi. Her status as a dependent will be presumed because the trustee offered no evidence to the contrary. More so than any of the cases mentioned above, a vehicle is a tool of the trade for a taxi driver. Without it, there is no trade.

I conclude that Mr. Simpson is entitled to a tool of the trade exemption for a vehicle which he owns and which is used by his dependent as a taxi. The trustee's objection to the tool of the trade exemption is overruled.

**SO ORDERED**.

DATED: March 19, 2014

_____
Louis H. Kornreich, Chief Judge
United States Bankruptcy Court